# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **MIGUEL ANGEL ORTIZ PENATE,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-01807-LS** |
| | § | |
| **WARDEN, EL PASO PROCESSING CENTER; AND UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| | § | |
| ***Respondents*.** | § | |

## ORDER DISMISSING CASE

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by Immigration and Customs Enforcement ("ICE").[1] An immigration judge ordered Petitioner removed to Cuba on November 13, 2019.[2] Petitioner does not indicate when the instant detention began, although it appears he was arrested by the Miami-Dade County Sheriff's Office on May 14, 2026,[3] and placed in ICE custody on some date thereafter.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[4] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively reasonable.[5] "After this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to

---

[1] ECF No. 1.
[2] ECF No. 5-1 at 1.
[3] ECF No. 5-2 at 2.
[4] 8 U.S.C. § 1231(a)(1)(A).
[5] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

rebut that showing."[6] Petitioner filed this lawsuit on July 2, 2026, so he was still within the six-month period the Supreme Court deems presumptively reasonable.

For the foregoing reasons, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are denied. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 22, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[6] *Id.*